IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCEL MUNFORD, | ) | CASE NO. 1:12 CV 2915 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action by plaintiff Marcel Munford for judicial review of the final decision of the Commissioner of Social Security denying Munford's application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial order[5] and supplemental procedural

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge John R. Adams by a marginal entry order dated November 26, 2012. The time for filing the report and recommendation in this matter was set by ECF # 4.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 15.

[5] ECF # 6.

order,[6] the parties have briefed their positions[7] and filed supporting charts[8] and fact sheets.[9] The parties participated in a telephonic oral argument.[10]

For the reasons that follow, I will recommend finding that the decision of the Commissioner is supported by substantial evidence and so should be affirmed.

## Facts

**A.   Background facts**

Munford, who was born in 1951,[11] has a high school education and apparently has a history of living with his mother and grandmother while doing odd jobs.[12] An Administrative Law Judge (ALJ) in 2007 found that Munford had the capacity to perform a range of medium work that did not involve climbing ladders, ropes, or scaffolds, nor expose him to unprotected heights or dangerous hazards.[13]

---

[6] ECF # 16.

[7] ECF # 22 (Munford's brief); ECF # 23 (Commissioner's brief).

[8] ECF # 22, Attachment (Munford's chart); ECF # 25 (Munford's fact sheet).

[9] ECF # 23, Attachment (Commissioner's chart).

[10] ECF # 26.

[11] Transcript ("Tr.") at 23.

[12] *Id.* at 22-23.

[13] *Id.* at 23.

**B.     Decision of the Administrative Law Judge (ALJ).**

The ALJ, whose decision became the final decision of the Commissioner, found that Munford had severe impairments consisting of a history of atrial tachyarrhymia [sic] in the background of mild mitral regurgitation, and he is status post right atrial flutter ablation in November 2006.[14] The ALJ made the following finding regarding Munford's residual functional capacity (RFC):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a significant range of medium work as defined in 20 C.F.R. § 416.967(c) with the exception that he can't climb ladders, ropes, or scaffolds, and should [not] be exposed to unprotected heights or dangerous hazards.[15]

Significant to the RFC finding, the ALJ determined under Sixth Circuit case law that the RFC finding from the 2007 decision was binding as *res judicata* unless there was new evidence of improvement or changed circumstances that would warrant a change in the RFC finding in the prior decision.[16]

After determining that Munford had no past relevant work experience,[17] the ALJ relied on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above to find that a significant number of jobs existed locally

---

[14] *Id.* at 17.

[15] *Id.* at 18.

[16] *Id.* at 23.

[17] *Id.*

and nationally that Munford could perform.[18] The ALJ, therefore, found Munford not under a disability.[19]

**C.   Issues on judicial review**

Munford seeks judicial review and reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Munford presents one issue for judicial review:

> Whether the finding of the administrative law judge concerning plaintiff's residual functional capacity is supported by substantial evidence and proper under the standards set forth in *Drummond v. Commissioner of Social Security*, 126 F.3d 387 (6th Cir. 1997).[20]

Munford's essential argument is that new evidence – including from a treating source – demonstrates that his heart condition worsened since the 2007 RFC finding, and thus the ALJ incorrectly chose to rely on the opinions of two reviewing sources over that of the treating source in affirming the prior RFC.[21] He further claims that the reviewing physician on whose opinion the ALJ directly relied did not consider all the evidence in the record.[22]

The key evidentiary conflict according to Munford arises between the opinion of state agency reviewing physician Leslie Green, M.D., who, in October, 2009, expressly reaffirmed

---

[18] *Id.* at 24.

[19] *Id.*

[20] ECF # 21 at 1.

[21] ECF # 22 at 6.

[22] *Id.*

-4-

the 2007 RFC limitation of medium work with some restrictions, and the June and December, 2011, reports of Munford's treating cardiologist, Bruce Stambler, M.D., who found chronic atrial arrhythmia, a marked first-degree AV block, and marked lower extremity edema.[23] Munford contends that none of Dr. Stambler's 2011 findings were before Dr. Green in 2009, and so Dr. Stambler's findings should have been analyzed by the ALJ before affirming the 2007 RFC on the basis that no changes in Munford's condition had occurred.[24] Munford further argues that such analysis should preferably have been done with the assistance of a medical expert to explain the significance of Dr. Stambler's clinical observations.[25]

The Commissioner contends that regardless of what may be the case with a single reviewing physician, the ALJ did review all the evidence in the record and found, under the controlling rubric of *Drummond*, that the record does not contain any new and material evidence of deterioration in Munford's cardiac condition.[26] The Commissioner notes that the evidence cited by the ALJ in her decision affirming the 2007 RFC determination includes findings from after 2007 – all showing "that [Munford's] cardiac condition and functional status remains unchanged from the prior [2007] adjudication period."[27]

---

[23] *Id.* at 6-7 (citing transcript).

[24] *Id.* at 8.

[25] *Id.* at 9.

[26] ECF # 23 at 10.

[27] *Id.* at 10-11 (citing transcript).

## Analysis

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[28]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[29] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[30]

---

[28] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[29] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[30] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standard – the decision of the ALJ is supported by substantial evidence and should be affirmed.**

The Sixth Circuit's holding in *Drummond* was then applied by the Commissioner in Administrative Ruling 98-4(6), which states in relevant part:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim, adjudicators must adopt such a finding from the final decision by the ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.[31]

As *Drummond* provides, it is the burden of the party seeking to escape *res judicata* and show changed circumstances to introduce substantial evidence of that change.[32] Indeed, the application of *res judicata* in the social security context means that the previous finding is presumed to continue to be true, with that presumption subject to rebuttal by new material evidence of changed conditions.[33] And further, as Magistrate Judge Limbert pointed out in *Senanefes v. Astrue*, the issue of establishing the change in circumstances that will overcome

---

[31] *Senanefes v. Astrue*, No. 4:10CV2157, 2012 WL 2576399, at **4-5 (N.D. Ohio July 3, 2012) (quoting Administrative Ruling 98-4(6)).

[32] *Drummond*, 126 F.3d at 842.

[33] *Graham v. Astrue*, No. CV 09-06046-SS, 2010 WL 1875669, at *8 (C.D. Cal. May 10, 2010).

*res judicata* as to a prior RFC finding is a separate issue from what evidence will then support a new RFC determination.[34]

In particular, that distinction is relevant to the issues of how treating source evidence is handled and to the type of evidence needed for a final RFC determination. Although there is authority holding that a treating source's opinion may not be ignored while that of a reviewing physician adopted without a full discussion of the reasons for such an approach,[35] and that an RFC finding may require greater supporting evidence if it is based on an older medical opinion that did not consider more recent relevant clinical findings,[36] it is by no means clear that these standards apply when the RFC has already been established and is now presumed operative, with the only issue being whether there is substantial evidence to show that circumstances have changed from the time of the original finding such as will overcome *res judicata.*

Viewed in this light as a separate predicate issue from any later determination of a new RFC, the evidence for a changed condition consists primarily of the treatment notes of Munford's cardiologist, Bruce Stambler, M.D., and his internist, Roopa Sankar, M.D. Neither of these treating sources provided a residual functional capacity assessment. As pointed out

---

[34] *Senanefes*, 2012 WL 2576399, at *5.

[35] *See*, *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

[36] *See*, *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio, 2008).

in the ALJ's decision[37] and effectively laid out in the Commissioner's brief,[38] these notes are replete with observations such as "no significant changes from 2004,"[39] "doing well on low doses of drugs,"[40] "no symptoms of heart failure,"[41] "stable,"[42] "no chest pain, shortness of breath, or palpitations,"[43] "negative for chest pain, palpitations, or irregular heart beat,"[44] "congestive heart failure stable and managed by medications,"[45] "able to walk three flights of stairs,"[46] "denies exercise intolerance, doing well,"[47] "normal ejection fraction on echocardiogram,"[48] and "stable without symptoms."[49]

---

[37] Tr. at 19, 21.

[38] ECF # 23 at 4-6.

[39] Tr. at 243.

[40] *Id.* at 247, 248.

[41] *Id.*

[42] *Id.* at 249.

[43] *Id.* at 276.

[44] *Id.* at 536.

[45] *Id.* at 540.

[46] *Id.*

[47] *Id.* at 328.

[48] *Id.* at 326.

[49] *Id.* at 532.

In January of 2011, a stress test had to be terminated because of fatigue but it was eventually completed with exercise capacity reduced.[50] The results of that test were normal.[51]

Further, even including the evidence that was submitted for the first time to the appeals council, there is not substantial evidence of changed circumstances to support overcoming *res judicata*. While Munford is correct that Dr. Stambler noted in June, 2011, marked first degree AV block, Dr. Stambler further stated that Munford was asymptomatic and expressed no complaints of lightheadedness, chest pain, or dizziness, concluding that there has been "no change" in Munford's functional status.[52] Similarly, when Munford returned five months later, Dr. Stambler reported that he was doing well, and that the first degree AV block had improved and was no longer marked.[53] In addition, Dr. Stambler noted that Munford had no arrhythmias and remained off anticoagulants.[54]

Applying the standard that material new evidence showing a changed condition is needed to escape *res judicata* as to the prior RFC determination, I recommend finding that the decision of the ALJ to apply *res judicata* in this case is supported by substantial evidence.

---

[50] *Id.* at 534.

[51] *Id.*

[52] *Id.* at 559.

[53] *Id.* at 557.

[54] *Id.* at 557-58.

## Conclusion

For the reasons stated above, the decision of the Commissioner should be affirmed.

Dated: August 9, 2013          s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[55]

---

[55] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).